CLOSED

## Mississippi Electronic Courts
### Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:23-cv-00318-WLK

Denley et al v. THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER et al

Assigned to: Winston L Kidd

Cause: Civil Case

Date Filed: 06/06/2023
Date Terminated: 06/06/2023
Total Case Age: 0
Jury Demand: Plaintiff
Nature of Suit: Negligence - General (181)

**Upcoming Settings:**

None Found

---

**Plaintiff**

**Jerry Denley**

represented by **Benjamin N. Philley**
Kilpatrick & Philley, PLLC
P.O. Box 2230
MADISON, MS 39110
601-856-7800
Fax: 601-856-7031
Email: bphilley@kplawms.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**J███ D███**
*A Minor*

represented by **Benjamin N. Philley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chasity Denley**

represented by **Benjamin N. Philley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**

represented by **Paul Bowie Watkins, Jr**
Mayo Mallette PLLC
Suite 200
2094 Old Taylor Road, Suite 200
OXFORD, MS 38655
662-236-0055
Fax: 662-236-0035
Email: pwatkins@mayomallette.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Casey Shane McLearen**

**Defendant**

**JOHN DOES**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 04/12/2023 | 1 | COMPLAINT against THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER AND Casey McLearn,, filed by Chasity York Denley, J███ D███ Jerry Denley. (Attachments: # 1 Civil Cover Sheet,) (Adcock, M) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 04/12/2023) |
| 04/12/2023 | 2 | Receipt for payment to open case . (Adcock, M) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 04/12/2023) |
| 04/24/2023 | 3 | AMENDED COMPLAINT against John Does, Casey Shane McLearen, University of Mississippi Medical Center, filed by Jerry Denley, Chasity Denley, J███ D███. (Henderson, Kirby) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 04/26/2023) |
| 04/24/2023 | 4 | SUMMONS Issued to University of Mississippi Medical Center. (Henderson, Kirby) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 04/26/2023) |
| 04/24/2023 | 5 | SUMMONS Issued to Casey Shane McLearen. (Henderson, Kirby) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 04/26/2023) |
| 05/16/2023 | 6 | NOTICE of Appearance by Benjamin N. Philley on behalf of Chasity Denley, Jerry Denley, J███ D███ (Philley, Benjamin) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 05/16/2023) |
| 05/16/2023 | 7 | MOTION to Transfer Venue by Plaintiffs Chasity Denley, Jerry Denley, J███ D███ (Philley, Benjamin) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 05/16/2023) |
| 05/22/2023 | 8 | ORDER granting 7 Motion to Change Venue. Signed by M. Bradley Mills on 05/22/2023. (Henderson, Kirby) [Transferred from Rankin - Circuit on 6/6/2023.] (Entered: 05/22/2023) |
| 06/06/2023 | 9 | CASE TRANSFERRED IN Case Number 61CI1:23-cv-00095. Original file with documents numbered 1 - 8 , certified copy of transfer order, and docket sheet received. (Jones-Clay, Lakisha) (Entered: 06/06/2023) |
| 06/06/2023 | 10 | DOCKET ANNOTATION $88 transfer fee and civil cover sheet now due to the Circuit Clerk's Office. (LJC) (Entered: 06/06/2023) |
| 06/06/2023 | 11 | SUMMONS Returned Executed by Jerry Denley, Chasity Denley, J███ D███ Casey Shane McLearen served on 5/18/2023, answer due 6/17/2023. Service type: Personal (Philley, Benjamin) (Entered: 06/06/2023) |
| 06/06/2023 | 12 | NOTICE of Appearance by Paul Bowie Watkins, Jr on behalf of UNIVERSITY OF MISSISSIPPI MEDICAL CENTER (Watkins, Paul) (Entered: 06/06/2023) |
| 06/06/2023 | 13 | NOTICE of Notice of Removal by UNIVERSITY OF MISSISSIPPI MEDICAL CENTER (Attachments: # 1 Exhibit A - Notice of Removal - Federal Court,) (Watkins, Paul) (Entered: 06/06/2023) |

23-95

F I L E D
APR 1 2 2023
REBECCA N. BOYD, CIRCUIT CLERK
BY

July 28, 2022
Page 2

LouAnn Woodward, M.D.
Vice Chancellor for Health Affairs and
Dean of the School of Medicine
University of Mississippi Medical Center
University of Mississippi Medical Center-
Grenada
960 J. K. Avent Drive
Grenada, MS 38901

Keith Gran, M.B.A.
Chief Executive Officer
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi  39216

Re:  Chasity and Jerry Denley
     Date of Birth of Chasity Denley:          1986
     Date of Birth of Jerry Denley:          963

**Mississippi Tort Claims Notice Pursuant to M.C.A. §11-46-1 and Notice of Intent to Begin Action Based Upon Health Care Providers' Professional Negligence Pursuant to M.C.A. §15-1-36(15) against the State of Mississippi; University of Mississippi Medical Center - Jackson; University of Mississippi Medical Center - Grenada; University Hospitals and Health System; University Physicians; Casey Shane McLearen; and Chairman or Head of the Respiratory Therapy Department**

Gentlemen:

The purpose of this letter is to set forth, on behalf of Chasity and Jerry Denley, a Tort

Claims Notice Pursuant to M.C.A. §11-46-1 and Notice of Intent to Begin Action Based

Upon Health Care Providers' Professional Negligence Pursuant to M.C.A. §15-1-36(15).

The plaintiffs are Chasity Denley and Jerry Denley.

The defendants are:

1.  State of Mississippi

2.  University of Mississippi Medical Center - Jackson

3.  University of Mississippi Medical Center - Grenada

July 28, 2022
Page 3

4.    University Hospitals and Health System

5.    Casey Shane McLearen

6.    Chairman or Head of Department of Respiratory Therapy

At all material times, these entities and individuals were the employers of the nurses,
nurse practitioners, respiratory therapists, residents, medical students, and physicians
rendering care to Chasity Denley and are therefore liable for the acts and omissions of these
providers pursuant to the doctrine of *respondeat superior*.

**I.    Statement of the Facts and Circumstances Leading to the Injury**

On August 4, 2021, Chasity Denley sustained a severe case of Covid 19 which led to
her hospitalization at the University of Mississippi Medical Center at Grenada. Casey Shane
McLearen initiated grooming tactics from the very first day of Chasity Denley's
hospitalization at University of Mississippi Medical Center at Grenada. Casey Shane
McLearen was a respiratory therapist at University of Mississippi Medical Center at Grenada
and had been suspended without pay for three weeks. Mr. McLearen, faced with a three
week suspension, by passed the office in Grenada and went to the Human Resources
Department at UMMC in Jackson, Mississippi. Mr. McLearen met with the respiratory
therapy department at UMMC in Jackson and UMMC re-instated him as a respiratory
therapist, since UMMC was unable to fill the position after advertising the opening.

July 28, 2022
Page 4

Chasity Denley was targeted and groomed from the first day at the hospital by Casey
Shane McLearen. Mr. McLearen, from day one, began to groom Chasity Denley while she
was a patient at UMMC Grenada. Casey Shane McLearen held hands interlocked with
Chasity Denley; started showers for her; rubbed cramps from her legs; twirled and danced
on what were supposed to be respiratory therapy walks; visited and contacted Chasity Denley
while she was in the hospital by social media; touched her face in an affectionate manner
while adjusting her oxygen; and commented on her face, hair, and legs. While Chasity
Denley was confined to the hospital, Casey Shane McLearen also brought his own personal
razor for shaving Chasity Denley's legs and visited with her off duty. Mr. McLearen, as part
of his grooming tactics, told Chasity Denley that he had caught his wife in bed with another
man while his children were at home which was strange, since he told this story to a total
stranger. During his treatment of Chasity Denley, Mr. McLearen would tell Chasity Denley
he observed her body while she was in the hospital. Chasity Denley ultimately succumbed
to the grooming by her respiratory therapist, Casey Shane McLearen.

**II.    The Extent of the Injury**

Chasity Denley and Jerry Denley have both suffered physically and emotionally and
lost time for work from the unprofessional acts by Casey Shane McLearen which included,
but were not limited to, grooming Chasity Denley; unwanted touching; twirling and dancing
on what were supposed to be respiratory therapy walks; and starting showers all of which led

July 28, 2022
Page 5

Chasity Denley to become enamored with her respiratory therapist, Casey Shane McLearen,

and caused both Chasity Denley and Jerry Denley permanent emotional distress.

**III.    The Time and Place the Injury Occurred**

The injury occurred during treatment by Defendants on August 4 through August 11,

2021, at the University of Mississippi Medical Center at Grenada, Mississippi, and the

negligent acts include but are not limited to the negligent treatment of Chasity Denley; and

the negligent hiring, rehiring, or reinstating Casey Shane McLearen, when he had been

suspended for similar events at UMMC Grenada. As a result of the substandard care of the

Defendants, Chasity Denley and Jerry Denley have incurred substantial emotional distress,

damages, and medical treatment for their injuries.

**IV.    The Names of All Persons Involved**

1.    Casey Shane McLearen

2.    The physicians, residents, nurses and nurse practitioners involved in the

treatment of Chasity Denley on August 4 through August 11, 2021, at

University of Mississippi Medical Center in Grenada, Mississippi

3.    The person in authority at the University of Mississippi Medical Center in

Jackson, who negligently reinstated Casey Shane McLearen, when he had been

suspended for wrongful and negligent acts at UMMC Grenada.

4.    Chasity Denley

July 28, 2022
Page 6

       5.    Jerry Denley

**V.    The Amount of Money Damages Sought**

    $975,000.00

    The cap of $500,000.00 or such other amounts that are reasonable in the premises or

alternatively such amounts recoverable, because the Defendants have chosen to insure their

negligent acts and/or their instrumentalities for the claims.

**VI.    The Residence of the Claimant at the Time fo the Injury**

    Chasity Denley, address  _2444 Fairway St Grenada Ms 38901_

    Jerry Denley, address  _2444 Fairway St Grenada Ms 38901_

**VII.    The Residence of the Claimant at the Time of Filing of this Notice**

    Chasity Denley, address  _1221 Barnside Dr Grenada Ms 38901_

    Jerry Denley, address  _1221 Barnside Dr Grenada Ms 38901_

    We have had the opportunity to think about and discuss settlement of our claims with

a physician authorized to practice medicine in the State of Mississippi, and that physician has

represented to us there is cause to proceed on this matter. We agree to enter into settlement

negotiations on our own behalf. Please have the appropriate representative contact us at the

above address. Your prompt attention to this matter is appreciated.

                          Chasity Denley

                          _Jerry Denley_

July 28, 2022
Page 7

Jerry Denley



THE UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER
EDUCATION · RESEARCH · HEALTH CARE

Office of General Counsel
2500 North State Street • Jackson, Mississippi 39216
Phone: 601.984.1763 • Fax: 601.984.1997

August 2, 2022

Mr. and Mrs. Jerry Denley
POB 2301
Grenada, MS 38902

RE:    Claim Number 3537NM

Dear Mr. and Mrs. Denley:

We are in receipt of your Notice of Claim regarding your allegation of unprofessional acts by an employee during Mrs. Denley's treatment and care. We are currently conducting an investigation into the allegation and upon completion, will contact you regarding our position on the claim.

Please let me know if you have questions – thank you.

Sincerely,

*L. Limbaugh*

Lynnice Limbaugh, AIC
Claims Manager
Office of General Counsel
University of Mississippi Medical Center
2500 North State Street
Jackson, MS 39216-4505
Office: 601-984-1985

umc.edu

 **MEDICAL CENTER**
EDUCATION · RESEARCH · HEALTH CARE

Office of General Counsel
2500 North State Street • Jackson, Mississippi 39216
Phone: 601.984.1763 • Fax: 601.984.1997

August 23, 2022

<u>SENT VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED #7012 3460 0002 7583 9407</u>

Mr. and Mrs. Jerry Denley
POB 2301
Grenada, MS 38902

RE:    Claim Number: 3537NM

Dear Mr. and Mrs. Denley:

We have completed our investigation into the allegations and claim contained in your letter dated July 29, 2022. Our investigation revealed that the events alleged, if true, were outside the course and scope of the employment of the UMMC employee referenced in your letter. Without waiving any defenses, we must respectfully deny your claim.

Sincerely,

Lynnice Limbaugh, AIC
Claims Manager
Office of General Counsel
University of Mississippi Medical Center
2500 North State Street
Jackson, MS 39216-4505
Office: 601-984-1985

umc.edu

### Jerry and Chasity Denley

Mr. and Mrs. Jerry Denley
POB 2301
Grenada, MS 38902

July 28, 2022

### Via Certified Mail, Return Receipt Requested

LouAnn Woodward, M.D.
Vice Chancellor for Health Affairs and Dean
of the School of Medicine
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216

William C. Smith, Esq.
Chief Legal Officer and General Counsel
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216

Britt H. Crewse
Chief Executive Officer
University Hospitals and Health Systems and
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216

Chancellor Glenn Boyce
University of Mississippi
P.O. Box 1848
University, Mississippi 38677

Governor Tate Reeves
State of Mississippi
550 High Street
P.O. Box 139
Jackson, Mississippi 39502-0139

University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216

Honorable Lynn Fitch
Walter Sillers Building
550 High Street, Suite 1200
Jackson, MS 39201

University of Mississippi Medical Center-
Grenada
960 J. K. Avent Drive
Grenada, MS 38901

Casey Shane McLearen
960 J. K. Avent Drive
Grenada, MS 38901

Chairman or Head of the Respiratory Therapy
Department
University of Mississippi Medical Center
2500 North State Street
Jackson, Mississippi 39216

# COVER SHEET

**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| County #  Judicial  Court ID  District  (CH, CI, CO) | 2023 | 9 5 |

County #  Judicial District  Court ID (CH, CI, CO)

04 / 12 / 23
Month  Date  Year

Local Docket ID

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Rev 2016)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **RANKIN** County **—** Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff - Party Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

**Individual**

Danley          Chasity           Zon K
Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**  1221 Barnside Dr  Grenada, Mr 38901

**Attorney (Name & Address)**          MS Bar No.
X Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

**Individual**

Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**  University of Mississippi Medical Center
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**          MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [X] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Product Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Injunction or Restraining Order | [ ] Subrogation |
| | | [ ] Other | [ ] Wrongful Death |
| | | | [ ] Other |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF

Docket No. _____ - _____ _____ _____     Docket No. If Filed
File Yr     Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

*PLANTIFFS*

*PLMTIFF*

**DEFENDANTS IN REFERENCED CAUSE - Page __ of __ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

*PLANTIFF 2*

Defendant # *1* :

Individual: _*Oculey*_____  _*Kemy*_____  ( _____ )  _*L*__  _*Jr*__
            Last Name        First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _*PLANTIFF*_____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

Defendant # *3* :

Individual: _███████_____  _███████_____  ( _____ )  _███_  _____
            Last Name        First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

Defendant # *2* :

Individual: _*Casey Mclearen*__  _*Casey*_____  ( _____ )  _*S*__  _____
            Last Name           First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _*UMMC Grenada*__  _*900 J.K Avent Dr Grenada ms 38901*__
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)✓

RECEIPT OF THE CIRCUIT CLERK
RANKIN COUNTY, MISSISSIPPI

CIVIL ACTION

Cause No. 1 2230095                          Receipt Number  221926

RECEIVED  from  DENLEY,CHASITY YORK                  the    sum

of      $161.00 is hereby acknowledged; said sum  being  paid  on

the cause styled:

DENLEY,CHASITY YORK              vs. UNIVERSITY OF MISS MEDICAL CTR

*******************************************************************

|  | Reference | Amount | Total |
|---|---|---|---|
| CIVIL ACCOUNT |  |  |  |
| Jury Tax |  | 3.00 |  |
| Court Reporter's Fee |  | 10.00 |  |
| Law Library |  | 2.50 |  |
| State Court Education Fund |  | 2.00 |  |
| Clerk's Fee, Private |  | 85.00 |  |
| Court Administrator |  | 2.00 |  |
| Court Constituents Fund |  | .50 |  |
| Comp. Electronic Systems Fund |  | 10.00 |  |
| Judicial Operation Fund |  | 40.00 |  |
| Legal Assistance Fund |  | 5.00 |  |
| State Archive Fee |  | .50 |  |
| County Archive Fee |  | .50 |  |

TOTAL AMOUNT RECEIVED                            $161.00

*******************************************************************
Paid by Cash                                     $161.00
*******************************************************************

THIS the 12th day of   April   A. D. 2023.

REBECCA N. BOYD, CIRCUIT CLERK

By: _____ , DC 
    MA  2023/04/12-14:41:04



## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**JERRY DENLEY; J    D    , A MINOR;**
**AND CHASITY DENLEY**                                    **PLAINTIFFS**

**V.**                                          **CAUSE NO. 23-95**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;**
**CASEY SHANE MCLEAREN; JOHN DOES 1-10**                  **DEFENDANTS**

**FIRST AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

F I L E D
APR 24 2023
REBECCA N. BOYD, CIRCUIT CLERK

COME NOW Plaintiffs Jerry Denley, J   D   and Chasity Denley file this Complaint against Defendants University of Mississippi Medical Center ("UMMC"), Casey McLearen and John Does #1-10 (hereinafter sometimes collectively referred to as "Defendants"). In support thereof, Plaintiffs state as follows:

### PARTIES

1.    Plaintiff Jerry Denley(hereinafter sometimes referred to as "Jerry" and/or "Plaintiff") is an adult resident citizen of the State of Mississippi. He resides at 1221 Barnside Dr., Grenada, MS 38901.

2.    Plaintiff Chasity Denley (hereinafter sometimes referred to as "Chasity" and/or "Plaintiff") is an adult resident citizen of the State of Mississippi. She resides at 1221 Barnside Dr., Grenada, MS 38901.

3.    Plaintiff J   D   (hereinafter sometimes referred to as "J  " and/or "Plaintiff") is a minor resident citizen of the State of Mississippi. He resides at 1221 Barnside Dr., Grenada, MS 38901.

4.      Defendant, University of Mississippi Medical Center ("UMMC"), is a Mississippi State governmental entity and/or political subdivision of the State, created, organized and existing under and by virtue of the laws of the State of Mississippi. UMMC may be served with process via service upon LouAnn Woodward, MD, Vice Chancellor of Health Affairs, University of Mississippi Medical Center, 2500 North State Street, Jackson, Mississippi 39216.

5.      Defendant, Casey McLearen, is an adult resident citizen of DeSoto County, Mississippi, and may be served with process of this Court at his place of residence: 5755 McCracken Rd, Hernando, Mississippi 38632.

6.      Defendants John Does #1-10 are unknown individuals and/or entities that are liable to Plaintiff as alleged herein. The names and capacities of Defendants John Does #1-10 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiff, who, therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of their tortious and wanton actions and/or in some other manner whether alleged herein in this complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused and/or contributed to injury and damage occasioned to Plaintiff herein.

**JURISDICTION AND VENUE**

7.      This court has jurisdiction over this cause of action pursuant to § 9-7-81 of the Mississippi Code and § 156, Article 6 of the Constitution of the State of Mississippi.

8.      Venue is proper in Hinds County, Mississippi, pursuant to Mississippi Code Annotated § 11-11-3, in that Hinds County, Mississippi is where the defendant is located, and the

amount in controversy exceeds this Court's minimum jurisdictional requirement and the maximum jurisdictional requirements of County Court.

## FACTS AND CLAIMS

9.      Jerry and Chasity Denley were married on April 22, 2011.

10.     Jerry and Chasity have a 10 year old son named J███████ D████, a minor.

11.     Jerry and Chasity were happily married and together with their child, J████ lived as a happy family unit until McLearen wrongfully and tortiously alienated Chasity's affection for Jerry.

12.     On August 4, 2021, Chasity Denley sustained a severe case of Covid 19 which led to her hospitalization at the University of Mississippi Medical Center at Grenada. At all relevant times, Chasity Denley was a vulnerable adult under the care of UMMC. Casey Shane McLearen initiated grooming tactics from the very first day of Chasity Denley's hospitalization at the University of Mississippi Medical Center in Grenada, Mississippi. Casey Shane McLearen was a respiratory therapist at University of Mississippi Medical Center in Grenada and upon information and belief, had been facing suspension without pay for three weeks prior to her admission. Mr. McLearen, faced with a three week suspension, by passed the office in Grenada and went to the Human Resources Department at UMMC in Jackson, Mississippi. Mr. McLearen met with the respiratory therapy department at UMMC in Jackson, and UMMC re-instated him as a respiratory therapist, since UMMC was unable to fill the position after advertising the opening.

13.     Chasity Denley was targeted and groomed from the first day at the hospital by Casey Shane McLearen. Mr. McLearen, from day one, began to groom Chasity Denley while

3

she was a patient at UMMC Grenada. Casey Shane McLearen held hands interlocked with Chasity Denley; started showers for her; rubbed cramps from her legs; twirled and danced on what were supposed to be respiratory therapy walks; visited and contacted Chasity Denley while she was in the hospital by social media; touched her face in an affectionate manner while adjusting her oxygen; and commented on her face, hair, and legs. While Chasity Denley was confined to the hospital, Casey Shane McLearen also brought his own personal razor for shaving Chasity Denley's legs and visited with her off duty. Mr. McLearen, as part of his grooming tactics, told Chasity Denley that he had caught his wife in bed with another man while his children were at home which was strange, since he told this story to a total stranger. During his treatment of Chasity Denley, Mr. McLearen would tell Chasity Denley he observed her body while she was in the hospital. Chasity Denley ultimately succumbed to the grooming by her respiratory therapist, Casey Shane McLearen. On April 12, 2022, Plaintiff Jerry Denley learned of the affair when he caught his beloved wife and Mr. McLearen in the parking lot at UMMC.

14. .  Mr. McLearen destroyed Jerry's marriage and his family unit. Jerry's emotional suffering is almost indescribable. Additionally, Jerry has suffered financially as a direct and proximate cause of McLearen's multiple and continued tortious actions.

## COUNT I
### Alienation of Affection

15. Plaintiff restates the above allegations.

16. Defendants intentionally and tortiously interfered with the marriage of Jerry and Chasity. Such conduct alienated the affections that Chasity had for Jerry. This intentional and

4

tortious conduct was the proximate cause of the threat of dissolution of Jerry and Chasity's marriage and the destruction of their family unit.

## COUNT II
### Tortious Interference with Marital Contract

17.     Jerry and Chasity were married on April 11, 2011.  This commitment was ceremoniously and legally executed with a marriage license and wedding vows.

18.     At all relevant times Defendants were aware of the marital contract that existed between Jerry and Chasity.    Defendant McLearen without legal right or justification intentionally, tortiously, and in bad faith interfered with this contract for the purpose of causing harm to Plaintiffs and satisfying his sexual desires.  Upon information and belief, Defendant McLearen and Chasity engaged in inappropriate sexual conduct.

19.     These intentional and tortious acts without legal or justifiable cause interfered with the marital contract of Jerry and proximately caused psychological, emotional and financial harm to Plaintiffs.

## COUNT III
### Tortious Interference with Family Relations

20.     Plaintiff restates the above allegations.

21.     Defendants owed a duty to Plaintiff to act reasonably and prudent to refrain from tortious invasion of legally protected family interests.  Defendants breached this duty.  Such breach was active, grossly negligent, willful and wanton.

22.     Such breaches of Defendants proximately caused the potential dissolution of Jerry's marriage, the destruction of his family unit and the damages suffered by Plaintiffs.

## COUNT IV
### Intentional and Negligent Infliction of Emotional Distress

23.     Plaintiff restates the above allegations.

24.    Defendants owed a duty to Plaintiff to use reasonable care and to act prudently to avoid the infliction of emotional distress on Plaintiff.  Defendants breached this duty. Defendants knew or should have known that the destruction of Plaintiff's marriage and his family unit and other tortious conduct described herein would cause mental and emotional distress to Plaintiffs.  Such wrongful conduct by Defendants was intentional and/or grossly negligent and in fact proximately caused mental and emotional distress to Plaintiff as well as financial damage.

## COUNT V:  NEGLIGENCE AND/OR GROSS NEGLIGENCE AND STATUTORY VIOLATIONS

25.    By this reference, Plaintiffs incorporate each and every allegation and averment contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

26.    Plaintiffs would show that they have sustained injuries as a result of the assault which are directly and proximately caused by the following actions and/or inactions of the UMMC:

a)  UMMC failed to properly train their employees;

b)  UMMC failed to properly investigate Casey McLearen's background and take fingerprints prior to hiring him;

c)  UMMC failed to supervise the premises so as to keep its patients from being sexually abused;

d)  UMMC failed to use ordinary care to provide a safe environment for their patients;

e)  UMMC negligently created a dangerous environment for its patients by hiring individuals like Casey McLearen, who had extensive history of similar conduct, onto the premises and into the patients' rooms;

f) The actions of the UMMC were also reckless, grossly negligent and in total disregard of the safety of the Plaintiff;

g) UMMC failed to take reasonable steps to provide a safe environment for their patients;

h) UMMC failed to investigate others' complaints and concerns regarding Casey McLearen's character and lustful actions;

i) UMMC, and its staff failed to properly monitor its grounds;

j) For all other reasons to be shown at the trial of this matter.

27. Plaintiff would show that they have incurred and will continue to incur medical expenses, counseling expenses, pain and suffering, emotional distress, mental anguish, loss of enjoyment of the life and other damages as a result of the aforementioned negligence, gross negligence and/or reckless disregard for the safety of its patients by UMMC.

**COUNT VI: EQUAL PROTECTION
FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND
DISCIPLINE DIRECTED AGAINST UMMC AND CASEY MCLEAREN COGNIZABLE
UNDER 42 U.S.C.§ 1983**

28. By this reference, Plaintiffs incorporate each and every allegation and averment contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

29. At all times relevant to this Complaint, Defendant Casey McLearen, was acting under the direction and control of UMMC, which acted through its agents and employees who were responsible for making policy of the UMMC, its officers and operations, and Casey McLearen was acting pursuant to either official policy or the practice, custom, and usage of UMMC.

30. Acting under color of law, by and through the policy-makers of the UMMC and pursuant to official policy or custom and practice, Casey McLearen, UMMC and its staff,

intentionally, knowingly, recklessly, or with deliberate indifference to the rights of its patients,

breached their duties owed to Plaintiffs by failing to instruct, supervise, control, and/or

discipline, on a continuing basis, its employees, including, Casey McLearen, in the performance

of his duties to refrain from:

    (a)    Unlawfully and maliciously sexually assaulting patients;

    (b)    Unlawfully fondling the Plaintiff Chasity Denley, who was a vulnerable adult patient;

    (c)    Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the laws of the State of Mississippi; and

    (d)    Otherwise depriving citizens of their Constitutional and statutory rights, privileges, and immunities.

31.    The Defendants Casey McLearen, UMMC and its staff also breached their duties

owed to Plaintiffs by failing to properly train its employees regarding the warning signs of sexual

abuse, proper reporting procedures, how to intervene to prevent such events from occurring and

to refrain from committing such sexual abuse of the minor patients.

32.    Casey McLearen, UMMC and its staff had knowledge of or had it diligently

exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should

have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or

constitutional acts were going to be committed.  UMMC had power to prevent to aid in

preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or

with deliberate indifference to the rights of the inhabitants of the County failed or refused to do

so.

33.  Defendants Casey McLearen , UMMC and its staff are liable pursuant to 42 U.S.C.

§ 1983 and the Fourteenth Amendment to the United States Constitution, for, directly or

indirectly, under color of law, promulgating, implementing, approving, ratifying and/or

enforcing the rules and acts that deprived Plaintiffs of her right to equal protection under the law.

Further, Defendants Casey McLearen, UMMC and its staff are liable pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution for directly or indirectly, under color of law, approving or ratifying the unlawful, deliberate, malicious, reckless, and wanton conduct of Casey McLearen heretofore described.

34.    Defendants cannot demonstrate any legitimate government interest, no less an exceeding persuasive justification, for their unlawful policy and actions.

35.    Casey McLearen, UMMC and its staff breaches of their duties and violations of Plaintiff Chasity Denley's rights proximately caused the deprivation of Plaintiff's liberty interests in her bodily integrity, which is protected by the due process clause of the Fourteenth Amendment of the United States Constitution.

## COUNT VII:  BREACH OF CONTRACT AND TORTIOUS BREACH OF CONTRACT

36.    Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

37.    At all material times, an enforceable contract existed by and between the Plaintiffs and the Defendants to provide a safe environment to the patients. Among other contractual obligations, Defendant were charged with a duty to keep Mrs. Denley reasonably safe, free from harm and to not expose her to unnecessary risk of harm.

38.    By and through Defendant's acts, the Defendant has breached their contract with Plaintiffs to provide a reasonably safe environment to the Plaintiffs during their time spent at UMMC. This breach proximately caused the injuries and damages as set forth herein, and entitles Plaintiff to an award of monetary damages.

39.    Defendant's breach of contract was occasioned by acts of Defendant which were

intentional, malicious, in bad faith, without a good, sufficient and arguable reason, calculated to damage the Plaintiffs, and undertaken with conscious disregard for the rights of the Plaintiffs. Defendants' conduct in breach of contract amounts to an independent tort. Defendants are therefore liable.

## COUNT VII
## VICARIOUS LIABILITY AGAINST UMMC

40.    Plaintiffs reallege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

41.    At all times material, Chasity Denley was under the medical care and direction of Casey McLearen, who were agents of UMMC, acting within the course and scope of their employment or otherwise acting within the capacity of their agency.

42.    Defendant UMMC is vicariously liable for the negligent and/or grossly negligent acts and/or omissions of its staff and for any other of its agents or servants who negligently supervised the medical services in connection with the incident described herein.

## COUNT VIII – NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS
### As to All Defendants

43.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

44.    Defendants acted and/or failed to act in a negligent manner that caused severe emotional distress upon Plaintiffs.

45.    The above-described injuries of Plaintiffs and the resulting loss and damages sustained by Plaintiffs were proximately caused or contributed to by the negligent infliction of emotional distress of Defendants.

## Compensatory Damages

46.     Plaintiff demands all compensatory damages allowed by law and proven at trial. Such damages far exceed the jurisdictional minimum of this Court.

47.     The wrongful and tortious acts of Defendants proximately caused Plaintiff to suffer significant compensatory injuries.  Plaintiff was in love with his wife, and they were happily married.  As a result of the Defendants' actions, Plaintiffs' marriage is teetering on dissolution, their family unit was destroyed, and they suffered great emotional, psychological and financial losses.

### Punitive Damages
### As to Casey McLearen

48.     Plaintiff restates the above allegations.

49.     The tortious conduct of the Defendants as set forth in this complaint constitute willful, wanton, intentional and tortious actions entitling Plaintiff to an award of punitive damages.  In support of his request for punitive damages, Plaintiff will introduce evidence relating to the factors set forth in Miss. Code Ann. §11-1-65.  Such evidence will include but will not be limited to Defendants' commission of multiple acts in furtherance of his tortious conduct, Defendants' efforts to conceal their tortious conduct, and Defendants' financial worth and expected future earnings.

50.     The arbitrary and capricious restrictions on compensatory and punitive damages as set forth in Miss. Code Ann. §§ 11-1-60 and 11-1-65, respectively, are void and unenforceable in that they violate the due process and equal protection clauses of the Mississippi Constitution and the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Jerry Denley, J████ D████, a minor, and Chasity Denley respectfully demands trial by jury and respectfully requests that

judgment be entered against Casey McLearen and John Does #1-10, individually, jointly and severally, for compensatory damages and punitive damages as shown by the evidence, and post-interest on the judgment, attorney fees, all costs, and such other relief of any kind to which the Plaintiffs are otherwise legally entitled.

RESPECTFULLY SUBMITTED, this the _20_ day of April, 2023.

Jerry Denley, Pro Se

12

### IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**JERRY DENLEY; J█████ D█████, A MINOR;**
**AND CHASITY DENLEY**                                                   **PLAINTIFFS**

**V.**                                                        **CAUSE NO. 23-95**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;**
**CASEY SHANE MCLEAREN; JOHN DOES 1-10**                    **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO THE SHERIFF OR ANY OTHER PERSON AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

> **LouAnn Woodward, MD, Vice Chancellor of Health Affairs**
> **University of Mississippi Medical Center**
> **2500 North State Street**
> **Jackson, Mississippi 39216**

### NOTICE TO DEFENDANT

**THE FIRST AMENDED COMPLAINT, WHICH IS ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jerry Denley, Pro-Se Plaintiff, whose address is 1221 Barnside Dr., Grenada, MS 38901. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the attached Interrogatories and Request for Production of Documents must also be delivered to the attorney for Plaintiffs within forty-five (45) days from the date of delivery.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 24 day of April , 2023.

**BECKY BOYD, CIRCUIT CLERK**

BY: _Kiley Henderson_____
DEPUTY CLERK

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

JERRY DENLEY; J███████ D██████, A MINOR;
AND CHASITY DENLEY                                        **PLAINTIFFS**

**V.**                                                    **CAUSE NO. 23-95**

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
CASEY SHANE MCLEAREN; JOHN DOES 1-10                      **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO THE SHERIFF OR ANY OTHER PERSON AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

> **Casey McLearen**
> **5755 McCracken Rd,**
> **Hernando, Mississippi 38632.**

### NOTICE TO DEFENDANT

**THE FIRST AMENDED COMPLAINT, WHICH IS ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jerry Denley, Pro-Se Plaintiff, whose address is 1221 Barnside Dr., Grenada, MS 38901. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the attached Interrogatories and Request for Production of Documents must also be delivered to the attorney for Plaintiffs within forty-five (45) days from the date of delivery.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 24 day of April , 2023.

**BECKY BOYD, CIRCUIT CLERK**

BY: Kirby Henderson

DEPUTY CLERK

### IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

JERRY DENLEY; J█████ D█████, A MINOR;
AND CHASITY DENLEY                                                    PLAINTIFFS

V.                                              CAUSE NO. 23-95

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
CASEY SHANE MCLEAREN; JOHN DOES 1-10                  DEFENDANTS

---

### ENTRY OF APPEARANCE AS COUNSEL OF RECORD FOR PLAINTIFFS

---

COMES NOW, Benjamin Philley, of Kilpatrick & Philley, PLLC, and enters his appearance as counsel of record for Jerry Denley, J█████ D█████, a minor, and Chasity Denley, Plaintiffs in the above-captioned civil action.

RESPECTFULLY SUBMITTED, this the 16th day of May, 2023.

JERRY DENLEY; JOSHUA DENLEY, A MINOR; AND CHASITY DENLEY

BY: /s/: Benjamin N. Philley
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

KILPATRICK & PHILLEY, PLLC
BENJAMIN N. PHILLEY, MSB NO. 101556
JAY KILPATRICK, MSB NO. 100136
Post Office Box 2230
Madison, Mississippi 39130-2230
216 W. Jackson St.
Ridgeland, Mississippi 39157
Telephone: 601.856-7800
Facsimile: 601.856-7031
E-mail: bphilley@kplawms.com

-1-

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

JERRY DENLEY; J██████ D█████, A MINOR;
AND CHASITY DENLEY                                                    **PLAINTIFFS**

V.                                                          **CAUSE NO. 23-95**

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
CASEY  SHANE MCLEAREN; JOHN DOES 1-10                        **DEFENDANTS**

---

### MOTION TO TRANSFER VENUE

---

COMES NOW, Plaintiffs, Jerry Denley, J████ D███, a minor, and Chasity Denley, by and through counsel, files this Motion to Transfer Venue and would show unto the Court as follows:

1.      This cause of action was filed in Rankin County, Mississippi, by *pro se* Plaintiffs on or about April 12, 2023, alleging claims of negligence arising out of the care and treatment of Plaintiff Chasity Denley at UMMC Grenada.

2.      Since the filing of the Complaint, Plaintiffs have retained undersigned counsel to assist in their representation of this matter.

3.      Upon review of the file, it was determined that the *pro se* Plaintiffs filed the Complaint in the wrong venue. The Complaint should have been filed in Hinds County pursuant to Mississippi Code § 11-11-3 and § 11-46-13 given that the principal offices of UMMC is located in Hinds County.

4.      Therefore, Plaintiffs request that the action be transferred to Hinds County.

WHEREFORE, Plaintiffs request this Court to transfer this action to the First Judicial District of Hinds County, Mississippi.

RESPECTFULLY SUBMITTED, this the 16th day of May, 2023.

**JERRY    DENLEY;    J██████    D██████,    A
MINOR; AND CHASITY DENLEY**

BY:/s/: Benjamin N. Philley_____
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

KILPATRICK & PHILLEY, PLLC
BENJAMIN N. PHILLEY, MSB NO. 101556
JAY KILPATRICK, MSB NO. 100136
Post Office Box 2230
Madison, Mississippi 39130-2230
216 W. Jackson St.
Ridgeland, Mississippi 39157
Telephone: 601.856.7800
Facsimile: 601.856.7031
E-mail: bphilley@kplawms.com

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**JERRY DENLEY; J    D    , A MINOR;**
**AND CHASITY DENLEY**

**PLAINTIFFS**

**V.**                                                         **CAUSE NO. 23-95**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;**
**CASEY SHANE MCLEAREN; JOHN DOES 1-10**                **DEFENDANTS**

FILED

MAY 22 2023

REBECCA N. BOYD, CIRCUIT CLERK
BY

**ORDER**

Having come before the Court on Plaintiffs' motion for transfer of venue, and the Court

having heard same, the Court hereby finds that said motion is well-taken and is therefore

GRANTED.

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1.     This matter shall be immediately transferred to the First Judicial District of Hinds

County, Mississippi.

SO ORDERED AND ADJUDGED this the _____ day of May, 2023.

_____
CIRCUIT COURT JUDGE

PREPARED BY:

_____
KILPATRICK & PHILLEY, PLLC
BENJAMIN N. PHILLEY, MSB NO. 101556
JAY KILPATRICK, MSB NO. 100136
Post Office Box 2230
Madison, Mississippi 39130-2230
216 W. Jackson St.
Ridgeland, Mississippi 39157
Telephone: 601.856-7800
Facsimile: 601.856-7031

E-mail: bphilley@kplawms.com

**Mississippi Electronic Courts**
**Twentieth Circuit Court District (Rankin Circuit Court)**
**CIVIL DOCKET FOR CASE #: 61CI1:23-cv-00095-JM**
**Internal Use Only**
**<u>Edit Case Data</u>**
**<u>Edit Case Participants</u>**

Denley et al v. THE UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER et al
Assigned to: M. Bradley Mills

Date Filed: 04/12/2023
Date Terminated: 05/22/2023
Total Case Age: 40
Jury Demand: Plaintiff
Nature of Suit: Negligence - General (181)

**Upcoming Settings:**

None Found

---

**<u>Plaintiff</u>**

**Jerry Denley**                                    represented by    **Benjamin N. Philley**
Kilpatrick & Philley, PLLC
P.O. Box 2230
MADISON, MS 39110
601-856-7800
Fax: 601-856-7031
Email: bphilley@kplawms.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**J████ D████**                                    represented by    **Benjamin N. Philley**
*A Minor*                                                            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Chasity Denley**                                 represented by    **Benjamin N. Philley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**University of Mississippi Medical Center**

**<u>Defendant</u>**

**Casey Shane McLearen**

**Defendant**

**John Does**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2023 | _ 1 | COMPLAINT against THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER AND Casey McLearn,, filed by Chasity York Denley, J█████ D████, Jerry Denley. (Attachments: # 1 Civil Cover Sheet,) (Adcock, M) (Entered: 04/12/2023) |
| 04/12/2023 | _ 2 | Receipt for payment to open case . (Adcock, M) (Entered: 04/12/2023) |
| 04/24/2023 | _ 3 | AMENDED COMPLAINT against John Does, Casey Shane McLearen, University of Mississippi Medical Center, filed by Jerry Denley, Chasity Denley, J█████ D████. (Henderson, Kirby) (Entered: 04/26/2023) |
| 04/24/2023 | _ 4 | SUMMONS Issued to University of Mississippi Medical Center. (Henderson, Kirby) (Entered: 04/26/2023) |
| 04/24/2023 | _ 5 | SUMMONS Issued to Casey Shane McLearen. (Henderson, Kirby) (Entered: 04/26/2023) |
| 05/16/2023 | _ 6 | NOTICE of Appearance by Benjamin N. Philley on behalf of Chasity Denley, Jerry Denley, J█████ D████ (Philley, Benjamin) (Entered: 05/16/2023) |
| 05/16/2023 | _ 7 | MOTION to Transfer Venue by Plaintiffs Chasity Denley, Jerry Denley, J█████ D████ (Philley, Benjamin) (Entered: 05/16/2023) |
| 05/22/2023 | _ 8 | ORDER granting 7 Motion to Change Venue. Signed by M. Bradley Mills on 05/22/2023. (Henderson, Kirby) (Entered: 05/22/2023) |
| 05/22/2023 | _ | (Court only) ***Civil Case Terminated. (Henderson, Kirby) (Entered: 05/22/2023) |

**Select Event**

Go to Event

Case 3:23-cv-00363-DPJ-ASH    Document 2    Filed 06/07/23    Page 38 of 50
Case: 25CI1:23-cv-00318-WLK    Document #: 11    Filed: 06/06/2023    Page 1 of 3
Case: 61CI1:23-cv-00095-JM    Document #: 5    Filed: 04/24/2023    Page 1 of 2

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

JERRY DENLEY; J████ D████, A MINOR;
AND CHASITY DENLEY                                          **PLAINTIFFS**

**V.**                                                      **CAUSE NO. 23-95**

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
CASEY SHANE MCLEAREN; JOHN DOES 1-10          **DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI

TO THE SHERIFF OR ANY OTHER PERSON AUTHORIZED TO SERVE SUMMONS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMONS:

> **Casey McLearen**
> **5755 McCracken Rd,**
> **Hernando, Mississippi 38632.**

### NOTICE TO DEFENDANT

**THE FIRST AMENDED COMPLAINT, WHICH IS ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jerry Denley, Pro-Se Plaintiff, whose address is 1221 Barnside Dr., Grenada, MS 38901. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the attached Interrogatories and Request for Production of Documents must also be delivered to the attorney for Plaintiffs within forty-five (45) days from the date of delivery.

Case 3:23-cv-00363-DPJ-ASH    Document 2    Filed 06/07/23    Page 39 of 50
Case: 25CI1:23-cv-00318-WLK    Document #: 11    Filed: 06/06/2023    Page 2 of 3
Case: 61CI1:23-cv-00095-JM    Document #: 5    Filed: 04/24/2023    Page 2 of 2

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 24 day of April , 2023.

**BECKY BOYD, CIRCUIT CLERK**

BY: Kirby Henderson

DEPUTY CLERK

RETURN/PROOF OF SERVICE -- SUMMONS and FIRST AMENDED COMPLAINT

Casey Shane McLewen
Name of Person or Entity Served

    I, the undersigned process server, served the Summons and First Amended Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **First class mail and acknowledge service.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (*Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B*).

✓ **Personal Service.** I personally delivered copies to Casey Shane McLewen on the 18 day of May , 20 23, where I found said person in Grenada County of the State of MS.

_____ **Residence Service.** After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, State of _____ I served the Summons and Complaint/Petition on the _____ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint/Petition with _____ who is the _____ (herein insert wife, husband, son, daughter of other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint/Petition, and thereafter on the _____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left

_____ **Certified Mail Service.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused."*)

    At the time of service I was at least 18 years of age and not a party to this action.

Process server must list below: [*Please print or type*]

Fee for service:  $ _____

Name: Marcus L. Purnell

Address: P.O. Box 1262 Grenada, MS

Telephone No.: 662 805 6800

Social Security No.: _____

STATE OF MS

COUNTY OF Grenada

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Marcus L Purnell who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Notice of Claim" are true and correct as therein stated.

_____
Process Server (Signature)

    Sworn to and subscribed before me this the ___ day of _____, 20___.

_____
Notary Public

My Commission expires: _____
(Seal)

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

JERRY DENLEY; J████ D█████, A MINOR;
AND CHASITY DENLEY                                        **PLAINTIFFS**

VS.                                               **CIVIL ACTION NO: 23-318**

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
CASEY SHANE MCLEAREN; JOHN DOES 1-10            **DEFENDANTS**

---

**NOTICE OF ENTRY OF APPEARANCE**

---

PLEASE TAKE NOTICE that Paul B. Watkins, Jr., of MAYO MALLETTE PLLC, hereby enters his appearance for Defendant University of Mississippi Medical Center in this matter. He gives notice to all parties in interest of his request that all notices given or required to be given in this case and all pleadings and other papers served or required to be served in this case be provided to and served upon him as follows:

> Paul B. Watkins, Jr., Esq.
> MAYO MALLETTE PLLC
> 2094 Old Taylor Road, Suite 200
> Oxford, Mississippi 38655
> Telephone: (662) 236-0055
> Facsimile: (662) 236-0035
> *pwatkins@mayomallette.com*

PLEASE TAKE FURTHER NOTICE that this demand includes not only the notices, pleadings, and other papers, but also includes, without limitation, all orders, applications, complaints, motions, petitions, pleadings, requests and demands, whether formal or informal, whether *ex parte* or on notice, whether written or oral and whether transmitted or conveyed by mail, electronic means, hand-delivery, telephone, telecopier, telegraph or otherwise. Defendant specifically reserves all claims and defenses.

This, the 6th day of June 2023.

Respectfully submitted,

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, Defendant**

BY:    */s/ Paul B. Watkins, Jr.*
          PAUL B. WATKINS, JR. (MB NO. 102348)
          Their Attorney

Of Counsel:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*pwatkins@mayomallette.com*

## CERTIFICATE OF SERVICE

I, Paul B. Watkins, Jr., hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be filed through the Court's MEC system, which has sent notice to all counsel of record.

DATED:  June 6, 2023.

/s/ Paul B. Watkins, Jr.
PAUL B. WATKINS, JR. (MB NO. 102348)

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**JERRY DENLEY; J███████ D██████, A MINOR;**
**AND CHASITY DENLEY**                                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO: 23-318**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;**
**CASEY SHANE MCLEAREN; JOHN DOES 1-10**                  **DEFENDANTS**

---

## NOTICE OF REMOVAL

---

Defendant, University of Mississippi Medical Center, notifies the Clerk of Court, under 28 U.S.C. §1331, of removal of this action to the United States District Court for the Southern District of Mississippi, Northern Division. The removal was based on federal question jurisdiction as provided by 28 U.S.C. §§ 1331, 1441 and 1446. A copy of the Notice of Removal (without exhibits) is attached as Exhibit "A". The removal of this action to the United States District Court has been affected in accordance with 28 U.S.C. § 1446, under which this action is to proceed no further.

This, the 6th day of June, 2023.

Respectfully submitted,

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**

BY:    */s/ Paul B. Watkins, Jr.*
          PAUL B. WATKINS, JR. (MB NO. 102348)
          Its Attorney

Of Counsel:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*pwatkins@mayomallette.com*

## <u>CERTIFICATE OF SERVICE</u>

I, Paul B. Watkins, Jr., hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be filed through the Court's MEC system, which has sent notice to all counsel of record.

A copy was also sent via U.S. Mail, postage pre-paid to Casey McLearen, 5755 McCracken Road, Hernando, MS 38632

DATED:  June 6, 2023.

*/s/ Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR. (MB NO. 102348)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JERRY DENLEY; J.D., A MINOR;**
**AND CHASITY DENLEY**                                        **PLAINTIFFS**

**VS.**                                              **CASE NO: _____**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;**
**CASEY SHANE MCLEAREN; JOHN DOES 1-10**                  **DEFENDANTS**

---

**NOTICE OF REMOVAL**

---

The University of Mississippi Medical Center (hereinafter "UMMC") hereby gives notice of removal of this action from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division, based on federal question jurisdiction under 28 U.S.C. § 1331, and represent the following:

1.      On April 12, 2023, Plaintiffs filed their Complaint and on April 24, 2023, filed their First Amended Complaint in the Circuit Court of Rankin County, Mississippi, styled "*Jerry Denley; J.D., A Minor; and Chasity Denley v. University of Mississippi Medical Center; Casey Shane McLearen; John Does 1-10*," bearing Civil Action No. 23-95. A copy of the original Complaint and First Amended Complaint are attached as Exhibits "A" and "B".

2.      On May 16, 2023, Plaintiffs filed their Motion to Transfer Venue to Hinds County. On May 22, 2023, the Rankin County Court entered an Order Granting the Motion to Transfer Venue to Hinds County. A copy of the Motion to Transfer Venue and Order are attached as Exhibits "C" and "D".



EXHIBIT

"A"

3.     On June 6, 2023, the case was opened in Circuit Court of Hinds County, Mississippi, First Judicial District, styled "*Jerry Denley; J.D, A Minor; and Chasity Denley v. University of Mississippi Medical Center; Casey Shane McLearen*; John Does 1-10," bearing Civil Action No. 25:CI1:23-cv-00318.

4.     Because Plaintiff asserts claims in this action that arise under the laws of the United States, namely, 42 U.S.C. § 1983, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Removal is appropriate under 28 U.S.C. § 1441.

5.     As required by 28 U.S.C. § 1446(d), UMMC has this day delivered to the Clerk of the Circuit Court of Hinds County, Mississippi, a copy of this Notice and have requested the Circuit Court of Hinds County, Mississippi, proceed no further with this action.

6.     As required by 28 U.S.C. § 1446(b), UMMC filed this Notice of Removal within 30 days after receipt of the paper from which it could first be ascertained this matter was removable from the Hinds County Circuit Court to this Court.

7.     Under 28 U.S.C. § 1446(d), Defendant gave written notice of the filing of this Notice of Removal to all parties in this action.

8.     UMMC is requesting a copy of the entire state court record and will file it once received.

WHEREFORE, Defendant University of Mississippi Medical Center requests this action be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and request this Court assume full and complete jurisdiction over this action and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**

BY:    */s/ Paul B. Watkins, Jr.*
       PAUL B. WATKINS, JR. (MB NO. 102348)
       *Its Attorney*

Of Counsel:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*pwatkins@mayomallette.com*

3

## CERTIFICATE OF SERVICE

I, Paul B. Watkins, Jr., hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be filed through the Court's ECF system, which has sent notice to all counsel of record.

A copy was also sent via U.S. Mail, postage pre-paid to Casey McLearen, 5755 McCracken Road, Hernando, MS 38632.

DATED: June 6, 2023.

*/s/ Paul B. Watkins, Jr.*
PAUL B. WATKINS, JR. (MB NO. 102348)
